UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEBRA A. HEIMBERGER,**

    **Plaintiff,**

    v.

                              Civil Action 2:12-cv-1064
                              Judge Algenon L. Marbley
                              Magistrate Judge Elizabeth P. Deavers

**REBECCA BLANK*, et al.,***

    **Defendants.**

## ORDER

    This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 34.)  For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### I.

    On November 19, 2012, Plaintiff, Debra A. Heimberger, a former employee of the United States Department of Commerce, Census Bureau, brought suit against the acting Secretary of the Department of Commerce and Rick Essex, her former supervisor. (ECF No. 2.)  In her Complaint, Plaintiff alleged employment discrimination in violation of Title VII, 42 U.S.C. §§ 2000e to 2000-17 as well as a state-law claim for intentional infliction of emotional distress.  On January 14, 2013, Plaintiff filed a First Amended Complaint, adding a negligent supervision claim under the Federal Tort Claims Act ("FTCA") against the United States of America. Defendants subsequently moved to dismiss Plaintiff's Amended Complaint. (ECF Nos. 20 and 26.)  In addition, the United States Attorney for the Southern District of Ohio, acting pursuant to

the Westfall Act, certified that Defendant Essex was acting within the scope of his employment at the time of all of the incidents alleged in Plaintiff's Amended Complaint. (ECF No. 25-1.) Defendants accordingly substituted United States as the defendant with regards to Plaintiff's claims against Defendant Essex individually, thereby converting those claims to FTCA claims. (ECF No. 25.)

Plaintiff filed the subject Motion on April 22, 2013. Through this Motion, Plaintiff seeks leave to amend her Complaint in order to more thoroughly plead and add factual bases for existing claims. More specifically, Plaintiff makes the following additional allegations against Defendant Essex, among others, in her proposed Second Amended Complaint:

- allegations of unwanted touching and numerous unwanted advances;

- that Defendant Essex drove her to places in the Columbus area to perform personal errands or for other non-work-related reasons and made sexually suggestive remarks and advances during these car trips;

- that Defendant Essex called "supposed business meetings" at fast-food restaurants and make unwanted advances at these meetings.

- that Defendant Essex showed up at restaurants where she graded papers on her days off even though she had not informed him of her whereabouts; and

- that Defendant Essex continued to make unwanted calls to her after they were both no longer employed at the Department of Commerce.

(Proposed Second Am. Compl., ECF No. 34-1.)

Defendants oppose Plaintiff's Motion to Amend, asserting that Plaintiff's proposed Second Amended Complaint is futile could not survive a motion to dismiss. (ECF No. 37.)

**II.**

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule

2

15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III.

Defendants' sole argument in opposition to Plaintiff's Motion is that the new allegations she seeks to assert would not save her claims from dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6). Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure

to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend her Amended Complaint with the understanding that Defendants are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

Plaintiff's filing of a Second Amended Complaint moots the pending Motions to Dismiss. (ECF No. 20 and 26.)  Of course, as noted above, Defendants are free to file new Motions to Dismiss or to simply renew their Motions in the event that they conclude that no edits are necessary.  In addition, because Plaintiff's Second Amended Complaint contains allegations of additional incidents involving Defendant Essex, the United State Attorney Carter Stewart must re-evaluate whether Westfall certification is appropriate.  Put another way, Defendants' Notice of Substitution (ECF No. 25) and the United States Attorney Stewart's Certification of Scope of Employment (ECF No. 25-1), which were premised upon the alleged incidents in Plaintiff's Amended Complaint, are not effective with regards to the Second Amended Complaint.  Thus, Plaintiff's Motion to Strike Notice of Substitution (ECF No. 32) is moot.  If, upon review of the additional allegations, the United States Attorney concludes that Defendant Essex was acting within the scope of his employment, he may so certify, and Defendants may again file a notice of substitution, attaching the certification.  Plaintiff, of course, is free to again contest any such certification.

**IV**.

In sum, for the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED**.  (ECF No. 34.)  The Clerk is **DIRECTED** to file Plaintiff's Second Amended Complaint, attached to her Motion as Exhibit One.  (ECF No. 34-1.)  Defendants' Motions to Dismiss are **DENIED AS MOOT** and **WITHOUT PREJUDICE** to file motions to dismiss challenging Plaintiff's Second Amended Complaint.  (ECF Nos. 20 and 26.)  Plaintiff's Motion to Strike Notice of Substitution is likewise **DENIED AS MOOT** and **WITHOUT PREJUDICE** to filing a motion contesting any forthcoming Westfall certification and notice of substitution.

    **IT IS SO ORDERED.**

Date: June 13, 2013                                   /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge