IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DEBRA A. HEIMBERGER,** | : | |
| | : | Case No. 2:12-CV-01064 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| **PENNY PRITZKER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on the United States' Motion to Enforce Settlement, or in the Alternative, Motion for Partial Summary Judgment Pertaining to Damages, (Doc. 83), filed by Defendant Penny Pritzker, Secretary of the United States Department of Commerce, Census Bureau. Defendant moves this Court for an order enforcing the settlement agreement reached between the parties at the Settlement Conference held before Magistrate Judge Deavers on December 19, 2014. In the alternative, Defendant moves this Court for an order granting partial summary judgment as to the amount of damages available to Plaintiff. Plaintiff Debra Heimberger, proceeding *pro se* at this point, opposes.

Also before this Court is Plaintiff's Motion to Strike Defendant's Motion for Partial Summary Judgment (Doc. 90), wherein she argues that the motion was filed after the deadline in this case for filing dispositive motions. Defendant opposes.

For the reasons stated herein, judgment on Defendant's Motion to Enforce Settlement, or in the Alternative, Motion for Partial Summary Judgment Pertaining to Damages, (Doc. 83), is **GRANTED IN PART AND MOOT IN PART**. Plaintiff's Motion to Strike is **MOOT**.

## II.  BACKGROUND

Plaintiff commenced this action on November 19, 2012, claiming sexual harassment and sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and Ohio tort law.[1]  Plaintiff's claims arose out of her employment at the Bureau of the Census during the 2010 census.  On March 17, 2014, this Court dismissed all but Plaintiff's Title VII claims.  (*See Opinion and Order*, Doc. 62).

On December 19, 2014, to attempt to conclude the matter without additional expense of time and costs, Plaintiff and Plaintiff's counsel met in the chambers of Magistrate Judge Elizabeth Preston Deavers and Defendant's counsel was available by phone to discuss settlement of this matter. After negotiating all day, the parties mutually agreed to specific terms in order to settle this case.  The material terms of the agreement were memorialized in a Transcript of Settlement Conference Proceedings:

> THE COURT: . . . To summarize the material terms, defendants agree to pay $20,000 to plaintiff within a reasonable time which would be characterized as costs, attorneys fees and emotional distress. Defendants agree to expunge the current Form SF50 and to create a new form reflecting that plaintiff's termination was based on lack of work. Defendants agree only to verify dates of employment upon inquiry about plaintiff's employment and to provide that the reason for the termination was lack of work. Defendants agree to prepare a settlement agreement and the release forms.
>
> Plaintiff agrees to release all claims against all defendants. . . Plaintiff agrees not to seek employment with the United States Census Bureau and agrees that the United States Census Bureau will not rehire her. And finally, upon execution of the settlement agreement and release, the parties will file a stipulation of dismissal that reflects that included within the settlement amount is the 350-dollar filing fee that plaintiff paid on November 19th, 2012, in connection with filing this action.

(*Transcript of Settlement Conference Proceedings*, Doc. 76 at 2-3) (hereinafter, the "Transcript").

---

[1] The underlying facts of this case, as alleged by Plaintiff, are set out in this Court's Opinion and Order on Defendant's Motion to Dismiss.  (Doc. 62).

The Magistrate Judge then confirmed with both parties that the material terms she had just summarized were indeed those the parties had agreed to during the Settlement Conference. All parties, including Plaintiff, answered affirmatively, agreeing that the material terms read into the record were those agreed to by the parties:

> THE COURT: Ms. Heimberger, do you have any other understandings that I haven't set forth?
>
> MS. HEIMBERGER: No. That's good.
>
> THE COURT: Ms. Sanders, do you have any other agreements that are not set forth here?
>
> MS. SANDERS: No, Your Honor.
>
> THE COURT: Mr. Davis-Williams, do you have any other agreements not set forth?
>
> MR. DAVIS-WILLIAMS: None, Your Honor.

(*Id*. at 2-3).

Defendant represents that on January 9, 2015, counsel for Defendant sent Plaintiff's counsel the written Settlement Agreement memorializing the terms agreed to by the parties. On January 28, 2015, Defendant's counsel requested a status of Plaintiff's review of the Settlement Agreemen and was advised that Plaintiff's counsel would be meeting with Plaintiff on February 4, 2015. On or about February 5, 2015, however, Plaintiff's counsel, C. Raphael Davis-Williams, filed a Motion to Withdraw as counsel. (Doc. 78).

In his Motion to Withdraw, Davis-Williams claimed that he had reached an impasse with Plaintiff regarding the best way to proceed in the litigation. Plaintiff filed a response to her counsel's Motion to Withdraw, (Doc. 81), indicating that "she neither support[ed] or oppose[d]" Davis-Williams' motion. She went on to claim, however, that Davis-Williams did not have authority to settle her claims for the amount and terms found in the agreement, that she was not

3

aware that the December 19, 2014 Settlement Conference was in fact a settlement conference – she believed it was a "meeting about damages" – and that Plaintiff's protests about settling the case were disregarded. This Court granted the Motion to Withdraw on February 19, 2015. (Doc. 82).

Defendant filed the present motion on February 24, 2015, which has now been fully briefed. In addition, on April 10, 2015, Plaintiff filed a Motion to Strike, moving this Court to strike Defendant's motion for partial summary judgment as untimely. (Doc. 90). The Motion to Strike has been fully briefed by the parties. Both motions are ripe for review.

### III. STANDARD OF REVIEW

Public policy favors settling cases without litigation, and thus settlement agreements should be upheld whenever it is equitable to do so. *Graley v. Yellow Freight Sys., Inc.*, No. 98-4166, 2000 WL 799779, at *4 (6th Cir. June 14, 2000) (internal citation omitted). "Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law." *Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1191 (S.D. Ohio 2013) (citing *Smith v. ABN AMRO Mortg. Grp. Inc.,* 434 F. App'x 454,460 (6th Cir. 2011); see also *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). To enforce an agreement, "the district court must find that the parties have agreed on all material terms of the settlement." *Graley*, 2000 WL 799779, at *4 (internal citation omitted). Further, the essential terms of the settlement must be "reasonably certain and clear." *Rulli v. Fan* Co., 79 Ohio St.3d 374, 376 (1997).

The Sixth Circuit has a significant history of recognizing "the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement" of actions pending before it. *Bostick Foundry Co. v. Lindberg,* 797 F.2d 280, 282-83 (6th Cir. 1986). Indeed, prior

to entry of judgment or dismissal, district courts retain subject matter jurisdiction over the cases pending before them and "'retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.'" *Jaynes v. Austin,* 20 F. App'x 421, 424 (6th Cir. 2001) (quoting *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir. 1976)); *see also Brock v. Schemer Corp.,* 841 F.2d 151, 154 (6th Cir. 1988) ("Courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them."); *Byrd v. Time Warner Cable Inc.,* 507 F. App'x 565, 566 (6th Cir. 2012). "Summary enforcement of a settlement agreement, without holding an evidentiary hearing, is proper when the parties do not dispute material facts pertaining to the existence or terms of a settlement agreement." *Graley*, 2000 WL 799779 at *4; *see also Re/Max Int'l, Inc. v. Realty One, Inc.,* 271 F.3d 633, 645–46 (6th Cir. 2001) (citing *Brock,* 841 F.2d at 154) (noting that when material facts are disputed, an evidentiary hearing is ordinarily required, but that no hearing is required where the terms of the agreement are clear and unambiguous and there is no issue of fact)). In enforcing the agreement, the court is not permitted to alter the terms of the agreement, but rather it must enforce the settlement as agreed to by the parties. *Graley*, 2000 WL 799779 at *4.

Where an agreement has been reached on all materials terms, enforcement may be proper even where the agreement had not yet been reduced to writing. *See Moore v. U.S. Postal Service*, 369 Fed. App'x 712, 715 (6th Cir. 2010) ("The existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement. When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement.") (internal quotations and citations omitted); *see also Brock v. The Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (citing *Aro Corp.*, 531 F.2d at 1371 ("It is well established that courts retain the

5

inherent power to enforce agreements entered into in settlement of litigation pending before them."); *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973).

## IV. ANALYSIS

### A.  Motion to Enforce Settlement

Defendant brings the present motion, asking this Court to enforce the Settlement Agreement or, in the alternative, grant partial summary judgment on the issue of damages.  In its request to enforce the Settlement Agreement, Defendant argues that on December 19, 2014 the parties fully negotiated and reached an agreement on the material terms of a settlement agreement, to which the parties expressed their mutual assent—to each other, and to the Court. Defendant argues that "Plaintiff's unilateral, unprompted repudiation of the terms to which she agreed at the Settlement Conference is not sufficient to excuse her performance of the contract by executing a settlement agreement incorporating the parties' agreement. Thus, the settlement agreement as described in the Transcript must be enforced."

In response, Plaintiff insists that the Settlement Agreement should not be enforced, for several reasons.  First, Plaintiff argues that a provision in the written settlement agreement prohibiting her from working for the Department of Commerce violates Title VII "and its Prohibition on retaliation." Second, she contends that because she was allegedly suffering from anxiety causing mental confusion during the Settlement Conference, the prohibition of employment that was agreed to is "unconscionable and violated public policy." (*Id.*)  Third, Plaintiff alleges that she had twenty-one days to consider the terms of the settlement and "opt out."  Fourth, Plaintiff maintains that expanding the prohibition from working at the Census Bureau to include the Department of Commerce changes the material terms of the agreement, allowing Plaintiff to opt out.  Finally, Plaintiff alleges that the Settlement Agreement should not

be enforced because her attorney did not have authority to settle her claims against the Defendant.

In its reply brief, Defendant argues that none of the reasons set forth by Plaintiff constitutes grounds for this Court to deny enforcement of the settlement agreement according to the terms agreed to on the record in this matter. This Court agrees.

### 1. Material Terms

This Court first finds that the material terms of the Settlement Agreement were agreed to by both parties, on the record, and that those material terms were certain and clear. As stated in the Transcript, (Doc. 76), the material terms are as follows: Defendant agreed to pay Plaintiff $20,000, characterized as costs, attorney's fees, and emotional distress damages, to expunge a Form SF50 and create a new form reflecting that plaintiff's termination was based on lack of work; to verify dates of employment upon inquiry about plaintiff's employment and to provide that the reason for the termination was lack of work, and to prepare a settlement agreement and the release forms. (Doc. 76 at 2-3). In exchange, Plaintiff agreed to release all claims against all defendants, to not seek Plaintiff employment with the United States Census Bureau and that the United States Census Bureau will not rehire her. Finally, both parties agreed that "upon execution of the settlement agreement and release, the parties will file a stipulation of dismissal that reflects that included within the settlement amount is the 350-dollar filing fee that plaintiff paid on November 19th, 2012, in connection with filing this action." (*Id*. at 3).

Thus, the Transcript establishes, in clear and certain terms, the essential terms of settlement. The parties agreed to and memorialized the material terms of the agreement. The Transcript also demonstrates that there was an offer of, acceptance of, and consideration for the material terms that were agreed to on the record, and that all parties agreed without objection to

7

the terms as stated. (*See id*.). Therefore, in its broad, inherent authority, this Court will enforce summarily the parties' Settlement Agreement according to its terms. See *Jaynes v. Austin,* 20 F. App'x at 424; *Brock*, 841 F.2d at 154; *Graley*, 2000 WL 799779 at *4. Plaintiff's arguments opposing enforcement are unavailing. The Court will briefly address each argument *seriatim*.

      a. <u>Prohibition on Working at the Department of Commerce and/or Census Bureau</u>

Plaintiff argues that the proposed written settlement agreement contains a prohibition on her pursuing employment with the Department of Commerce, and not just with the Census Bureau. She insists that there are two problems with the employment prohibition-provision, as memorialized by Defendant, that render the Settlement Agreement unenforceable. First, she argues that a provision prohibiting her employment at the Department of Commerce is prohibited by Title VII. Second, she argues that such a provision changes the material terms of the settlement agreement.

This Court need not address Plaintiff's first argument because her second argument is well taken, in part. The material terms of the Settlement Agreement, as agreed to in the Transcript of Settlement Conference Proceedings, include a prohibition on Plaintiff from seeking employment at the Census Bureau, a division of the Department of Commerce. Any language in Defendant's proposed written Settlement Agreement prohibiting her employment at the Department of Commerce generally is improper under the material terms of the Settlement Agreement, as agreed to and memorialized on the record of this Court.

While Plaintiff's argument that the parties agreed only to an employment prohibition for the Census Bureau, and that Defendant's proposed written agreement improperly altered this provision, this error does not justify throwing out the entire settlement agreement; rather, the Court simply will enforce the terms of the settlement as agreed to and memorialized before this

8

Court on December 19, 2014. Thus, the Court hereby ORDERS Defendant to revise its written settlement agreement in accordance with the terms of the Transcript – that is, to limit the employment-prohibition provision to prohibit Plaintiff's employment at the Census Bureau, as agreed to by both parties.

### b. Anxiety and Confusion during the Settlement Conference

Plaintiff next argues that the Settlement Agreement should not be enforced because she was experiencing stress and anxiety during the Settlement Conference such that she lacked capacity to agree to the settlement. Plaintiff claims she was under the care of medical professionals at the time of the Settlement Conference and provides to the Court a description of anxiety medication and its side effect.

Courts have held that in order to overturn the validity of a Settlement Agreement based on an incapacitating disability, the movant must demonstrate that she had the incapacitating disability at the time they entered into the Settlement Agreement and that Defendants knew of their disability. *See, e.g.*, *Cardona v. Cmty. Access, Inc.*, No. 11-CV-4129 MKB, 2013 WL 304519, at *4 (E.D.N.Y. Jan. 25, 2013) (settlement agreements "may not be lightly cast aside….A court may relieve a party of the consequences of a settlement agreement '[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident.'"); *Reid v. IBM Corp.,* No. 95–CV–1755, 1997 WL 357969, at *7 (S.D.N.Y. June 26, 1997) ("[F]or the Release to be voidable, plaintiff must demonstrate both the incapacitating disability and that defendant had reason to know of this disability."). Moreover, under Ohio law, the proper test for mental competency to contract is whether the person claimed to be incompetent understood the nature of the transaction and the effects of his or her own actions. *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 658, 626 N.E.2d 1017 (Ohio Ct. App. 1993). In Ohio, it is well settled that a party

9

seeking to void a contract because of lack of mental capacity has the burden of proof by clear and convincing evidence. *See Willis v. Baker*, 75 Ohio St. 291, 79 N.E. 466 (Ohio 1906); *DiPietro v. DiPietro*, 10 Ohio App.3d 44, 460 N.E.2d 657 (Ohio Ct. Ap. 1983).

Here, Plaintiff's post-hoc claims that she suffered from stress and anxiety during the Settlement Conference are not well taken. Plaintiff provides no evidence of her alleged debilitating disability, or that it affected her mental capacity at the time of the Settlement Conference, other than her own self-serving affidavit and what appears to be a description of the drug Trazodone printed from the internet. (*See* Doc. 91-1, 91-12). Although Plaintiff's motion describes the side effects of Trazadone, she does not claim that she was suffering from its side effects during the Settlement Conference, or that Defendant or the Court was aware of any debilitating disability. Plaintiff participated in the Settlement Conference and confirmed on the record that she agreed with the material terms of the parties' Settlement Agreement on the record. Therefore, Plaintiff has not met her burden to show that she the Settlement Agreement should be voided by this Court.

c. Attorney's Authority to Settle Plaintiff's Claims

Plaintiff next claims that her former attorney, Davis-Williams, did not have authority to settle her claims at the Settlement Conference. This argument is wholly unpersuasive. In general, under federal law, the attorney-of-record is to have the authority to enter into a settlement agreement on behalf of his client. *See Jackson v. N.Y.C. Dep't of Educ.*, No. 10 CIV 9193, 2012 WL 1986593 (June 4, 2012). "[A]ny party challenging an attorney's authority to settle the case under such circumstances bears the burden of proving by affirmative evidence that the attorney lacked authority. This burden is not insubstantial." *Id.* (internal citations omitted).

In this case, there is no credible evidence that Davis-Williams did not have authority to settle Plaintiff's claims.  Further, Plaintiff herself participated in the Settlement Conference and confirmed on the record that she agreed to the materials terms as stated by the Magistrate Judge. *See Sowanda v. Luberts*, No. 09-3320, 2011 WL 1869208 (D. Minn. March 28, 2011) (Plaintiffs were present at the settlement conference and worked directly and closely with their attorney in reaching a settlement agreement; plaintiff never took any action during or after the conference to suggest to the court or the defendants that their attorney did not have authority to settle, and the plaintiffs were in the courtroom when the settlement agreement was read on the record).  Plaintiff's claims are no reason for this Court to decline to enforce the Settlement Agreement as agreed to on the record.

### d. 21-Day "Opt Out" Period

Finally, Plaintiff challenges enforcement of the Settlement Agreement, claiming that the written agreement she was sent by Defendant included a 21-Day "opt out" period.  No such opt-out period was agreed to on the record in this case, and indeed such a term would be material to settlement of the case.  Therefore, any such opt-out provision is invalid under the terms of the Settlement Agreement, as agreed to on the record on December 19, 2014, and will neither be enforced or sufficient reason to invalidate the Settlement Agreement.

In sum, the parties reached an agreement at the December 19, 2014, Settlement Conference.  The material terms of that Settlement Agreement were outlined on the record and reported to the Court. (*See* Doc. 76).  Though a formal, written document had not yet been drafted or signed by the parties, the parties fully negotiated the agreement, agreed on the material terms of settlement, and expressed their mutual assent to those terms, to each other, and to the

11

Court.  Plaintiff's unilateral repudiation of the terms to which she agreed at the Settlement Conference is insufficient to excuse her performance.  Thus, the Settlement Agreement, as described in the Transcript, will be enforced.

### B.  Motion for Partial Summary Judgment

Because this Court grants Defendant's request to enforce the settlement according to the terms agreed to on the record, the Court need not address Defendant's alternative request for partial summary judgment.   Thus, Defendant's request for partial summary judgment is MOOT.

### C.  Motion to Strike

As stated, because this Court has decided to grant Defendant's request to enforce the settlement according to the terms agreed to on the record, the Court need not address Defendant's alternative request for partial summary judgment.  Therefore, Plaintiff's motion asking this Court to strike Defendant's request for partial summary judgment hereby is MOOT.

### D.  Motion to Intervene

Because this Court grants Defendant's request to enforce the settlement according to the terms agreed to on the record, the motion of the Law Office of Spater & Davis-Williams, LLC is MOOT.

### V.  CONCLUSION

For the above-mentioned reasons, Defendants' Motion to Enforce Settlement, or in the Alternative, Motion for Partial Summary Judgment Pertaining to Damages, (Doc. 83), is **GRANTED IN PART AND MOOT IN PART**.

Defendant's motion to enforce the December 19, 2014 Settlement Agreement is **GRANTED**; its alternative request for partial summary judgment therefore is **MOOT**. Defendant is **ORDERED** to revise the written settlement agreement to comply with the terms

stated on the record, stating that "Plaintiff agrees not to seek employment with the **United States Census Bureau** and agrees that the **United States Census Bureau** will not rehire her." (Doc. 76 at 2 (emphasis added)). Any prohibition on Plaintiff seeking employment with the Department of Commerce shall be removed. Defendant shall provide the revised settlement agreement to Plaintiff by **October 7, 2015**, and Plaintiff will sign the agreement and send it back to Defendant by **October 21, 2015**.

Additionally, Plaintiff's Motion to Strike is **MOOT**. The motion to intervene of the Law Office of Spater & Davis-Williams, LLC is also **MOOT.**

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 23, 2015**